# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-22V
Filed: October 19, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| OSCAR A DIGHERO, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | Decision Awarding Damages; |
| v. | * | Guillain-Barre Syndrome ("GBS"); |
| | * | Influenza ("Flu") Vaccine. |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

*Diana Stadelnikas, Esq., Maglio Christopher and Toale, PA, Sarasota, FL, for petitioner.*
*Lisa Watts, Esq., U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Roth**, Special Master:

On January 8, 2015, Oscar A. Dighero ("Mr. Dighero," or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that he developed Guillain-Barre Syndrome ("GBS") as a result of receiving an influenza vaccination on November 25, 2013. *See* Petition ("(Pet.")", at ¶¶1-21. Respondent thereafter filed a report pursuant to Vaccine Rule 4(c) electing not to contest entitlement to compensation. Respondent's Report at 4, ECF No. 38.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

A Ruling on Entitlement was issued on August 9, 2017. ECF No. 39. Respondent filed a proffer on October 19, 2017, agreeing to issue the following payments:

**(1) A lump sum of $683,309.66, representing compensation for life care expenses expected to be incurred during the first year after judgment ($188,991.75), lost earnings ($204,464.46), pain and suffering ($250,000.00), and past unreimbursable expenses ($39,853.45), in the form of a check payable to petitioner, Oscar A. Dighero;**

**(2) An amount sufficient to purchase an annuity contract, described in section II.C of respondent's proffer; and**

**(3) A lump sum payment of $243,584.82, representing compensation for satisfaction of the State of California Medicaid lien, payable jointly to petitioner and**

Department of Health Care Services
Recovery Branch – MS 4720
P.O. 997421
Sacramento, CA 95899-7421
DHCS Account No.: C93268482C-VAC02
Attn: Class Action Unit

**Petitioner agrees to endorse this payment to the Department of Health Care Services Recovery Branch.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

I adopt the proffer and its Appendix A attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/ Mindy Michaels Roth
Mindy Michaels Roth
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.