# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-22V
Filed: April 6, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| OSCAR A DIGHERO, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | |
| v. | * | Decision on Attorneys' Fees and Costs; |
| | * | Travel Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

*Diana Stadelnikas, Esq.,* Maglio Christopher and Toale, PA, Sarasota, FL, for petitioner.
*Lisa Watts, Esq.,* U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On January 8, 2015, Oscar Dighero ("Mr. Dighero" or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that he developed Guillain-Barre Syndrome ("GBS") as a result of receiving an influenza vaccination on November 25, 2013. *See* Petition ("Pet."), ECF No. 1. On October 19, 2017, the undersigned issued a Decision awarding compensation to petitioner based on respondent's proffer. *See* Decision, ECF No. 45.

On February 27, 2018, petitioner filed a Motion for Attorneys' Fees and Costs. Motion for Fees, ECF No. 50. Petitioner requests attorneys' fees in the amount of $58,908.20 and attorneys'

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

costs in the amount of $15,442.49, for a total amount of $74,350.69. *Id.* at 1-2. In accordance with General Order #9, petitioner's counsel represents that petitioner incurred $12.40 in out-of-pocket expenses. *Id*. at 2.

On March 8, 2018, respondent filed a response to petitioners' Motion for Fees.  Response, ECF No. 51. Respondent provided no specific objection to the amount requested or hours worked, but instead, "respectfully recommend[ed] that the Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id*. at 3. Petitioner filed a reply on March 9, 2018. Reply, ECF No. 52. Petitioner filed an amendment ("Supplement") to his Motion on April 3, 2018, which reduced his request for attorneys' costs by $609.68 for a total of attorneys' costs of $14,832.81 and a total award of attorneys' fees and costs of $73,741.01. Supplement at 2, ECF No. 55. This matter is now ripe for decision.

## I. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id*.

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond.[3] *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl.

---

[3] The Vaccine Act permits an award of "*reasonable*" attorneys' fees and costs, § 15(e)(1) (emphasis added), which "compels each special master to determine independently whether a particular request is reasonable." *Savin ex rel. Savin* v. *Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 318 (2008). "This obligation is not suspended—nor the sound discretion and common sense that underlie it rendered inoperable—merely because respondent failed to object." *Id.*; *see, e.g.*, *Scharfenberger* v. *Sec'y of Health & Human Servs.*, 124 Fed. Cl. 225, 234 (2015); *Morse* v. *Sec'y of Health & Human Servs.*, 93 Fed. Cl. 780, 792 (2010). Rather, the petitioner bears the burden of showing that a request for fees is reasonable, and that burden must be satisfied "at the time [the] petitioner submits an application for attorneys' fees." *Rodriguez* v. *Sec'y of Health & Human Servs.*, 91 Fed. Cl. 453, 479-80 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). Any possible "misperceptions regarding fees or costs" (ECF No. 52 at 3) should therefore be addressed in the motion for fees; special masters are "not obliged to offer petitioners' counsel a second chance to do what he should have done *ab initio*." *Savin*, 85 Fed. Cl. at 317; *see, e.g.*, *Valdes* v. *Sec'y of Health & Human Servs.*, 89 Fed. Cl. 415, 424 (2009); *see also Masias* v. *Sec'y of Health & Human Servs.*, 634 F.3d 1283, 1292 n.10 (Fed. Cir. 2011) (rejecting the argument that "the special master's 'inquisitorial' mode of adjudication" in determining a fee award deprived the petitioner of "an opportunity to challenge the

201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II. Discussion

### A.   Reasonable Hourly Rate

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id*. This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

Ms. Stadelnikas practices in Sarasota, FL. Special masters have consistently awarded forum rates to legal professionals practicing in the greater Sarasota area. *See, e.g.*, *Dezern v. Sec'y of Health & Human Servs.*, No. 13-643V, 2016 WL 6678496 (Fed. Cl. Spec. Mstr. Oct. 14, 2016). Therefore, forum rates apply in this case.

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[4]

The requested hourly forum rates are consistent with the *McCulloch* framework as well as rates previously found to be reasonable in cases involving petitioner's counsel, Diana Stadelnikas. *See e.g.*, *Proctor v. Sec'y of Health & Human Servs.*, No. 16-1412V, 2018 WL 945858 (Fed. Cl. Spec. Mstr. Jan. 26, 2018); *Sewell v. Sec'y of Health & Human Servs.*, No. 12-124V, 2017 WL 6206208 (Fed. Cl. Spec. Mstr. Nov. 13, 2017).

---

evidence that the special master relied upon").

[4] The fee schedules are posted on the Court's website. *See* Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2015-2016*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf (last visited Mar. 26, 2018); Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2017*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2017.pdf (last visited Mar. 26, 2018); Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2018*, (last visited Mar. 26, 2018).

**B.      Hours Reasonably Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Upon review of petitioner's application, the number of hours expended in this case appears to be reasonable. Accordingly, $58,908.20 is awarded in attorneys' fees.

**C.      Reasonable Costs**

Petitioner originally requested a total of $15,442.49 in attorneys' costs but later reduced this request to $14,832.81. *See* Motion for Fees, ECF No. 50-2; Supplement at 2, ECF No. 55. The requested costs consist of $10,727.30 in fees to life care planner Liz Holkaiewicz, $2,234.94, in travel costs, which was reduced to $1,625.26 in petitioner's supplement, and $1,021.64 in costs associated with obtaining medical records. *Id.*

Petitioner's costs seem reasonable. Accordingly, $14,832.81 is awarded in attorneys' costs.

### III. Total Award Summary

Based on the foregoing, the undersigned **awards the total of $73,753.41**,[5] **as follows:**

- **A lump sum of $73,741.01**, representing reimbursement for attorneys' fees in the amount of $58,908.20 and costs in the amount of $14,832.81, in the form of a check made **payable jointly to petitioner and petitioner's counsel, Diana Stadelnikas, Esq.; and**

- **A lump sum of $12.40** in the form of a check made **payable solely to petitioner, Oscar Dighero.**

The Clerk of the Court is directed to enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[5] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.